**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

**Lewis S. Burkhart**
Assistant U.S. Attorney
Lewis.Burkhart@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 23, 2024

Mr. Tyl W Bakker
Tyl W Bakker LLC
621 SW Alder St Ste 600
Portland OR  97204

> Re: *United States v. Kelly Kaighin,* Case No. 3:23-cr-00061-MO
> Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to plead guilty to Count 1 of the Information, which charges Possession with the Intent to Distribute Fentanyl in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A).

3.  **Penalties**: The maximum sentence is life imprisonment, a mandatory minimum sentence of 10 years' imprisonment, a fine of 10,000,000, 5 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised June 2023

Tyl Bakker
Re: Kaighin Plea Agreement Letter
Page 2
September 17, 2024

5.  **Elements and Factual Basis**:  In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

First, on or about January 18, 2023 in the District of Oregon;

Second, the defendant possessed fentanyl with the intent to distribute;

Third, the amount of fentanyl was more than 400 grams.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime(s) to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea(s). The following facts are true and undisputed:

On January 18, 2023, the DEA and Salem Police were preparing to execute a federal search warrant in Salem, Oregon for Defendant's residence and person for evidence of drug trafficking. Defendant started to drive away from his residence and was pulled over. Agents immediately saw a stock of a firearm in an open backpack in the vehicle and placed the defendant under arrest. The defendant consented to a search of his vehicle where they located three kilograms of heroin, 1,500 counterfeit oxycodone pills containing fentanyl and a Mauser 9mm handgun all inside the same backpack. Inside the defendant's residence, agents seized approximately 1,000 more pills containing fentanyl and 500 grams of fentanyl powder and another firearm, a Springfield XDM pistol. The defendant confessed to selling drugs to support his drug addiction.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1 is a Base Offense Level of 32, prior to adjustments.

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any

Tyl Bakker
Re: Kaighin Plea Agreement Letter
Page 3
September 17, 2024

criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.     **Sentencing Recommendation**: The USAO will jointly recommend a sentence of the low-end of the applicable guidelines range, as long as defendant demonstrates an acceptance of responsibility as explained above and does not violate the terms of his pretrial release.

10.    **Abandonment of Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to the following property:

   A. a Mauser 9mm handgun, serial number 742308;

   B. a Springfield XDM handgun, serial number MG755152;

   C. All associated firearm accessories and ammunition.

11.    **Firearm Enhancement**: The USAO and Defendant agree to a two-level upward adjustment for possession of a firearm pursuant to USSG § 2D1.1(b)(1).

12.    **18 U.S.C. § 3553(a)**: The USAO will recommend a two-level reduction under 18 U.S.C. § 3553(a) for waiving indictment and based on mitigation provided, including Defendant's health.

13.    **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

   Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

14.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except

Tyl Bakker
Re: Kaighin Plea Agreement Letter
Page 4
September 17, 2024

for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19.     **Deadline**: This plea offer expires if not accepted by October 31, 2024 at 5:00 p.m.

Tyl Bakker
Re: Kaighin Plea Agreement Letter
Page 5
September 17, 2024

        Sincerely,

        NATALIE K. WIGHT
        United States Attorney


        */s/Lewis S. Burkhart*
        LEWIS S. BURKHART
        Assistant United States Attorney

Tyl Bakker
Re: Kaighin Plea Agreement Letter
Page 6
September 17, 2024


      I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/21/24
Date

*Kelly Kaighin*
Kelly Kaighin, Defendant


      I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/21/24
Date

*Tyl Bakker*
Tyl Bakker, Attorney for Defendant